UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR WARLICK,

        Petitioner,

v.                                              CIVIL CASE NO. 4:06-10252
                                                HONORABLE PAUL V. GADOLA

KENNETH ROMANOWSKI,

        Respondent.
_____/

## ORDER GRANTING IN PART RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITIONER'S FIRST, FOURTH, AND NINTH CLAIMS

This matter is pending before the Court on Respondent Kenneth Romanowski's motion to dismiss Petitioner's habeas corpus petition, which was filed under 28 U.S.C. § 2254. The habeas petition raises the following nine claims:

    I.    The trial court erred reversibly and violated Petitioner's right to due process by giving a confusing and misleading instruction, which allowed the jury to believe that the intent required for a felony murder conviction could be inferred from the intent to commit the underlying felony; in the alternative, appellate counsel was ineffective for failing to raise this claim, and trial counsel was ineffective for failing to object to the instruction.

    II.    Petitioner's conviction for felony murder must be reversed where the prosecution failed to present sufficient evidence to satisfy the constitutional due process standard of guilt beyond a reasonable doubt.

    III.    The trial court erred reversibly by allowing Petitioner's involuntary and coerced statement to be entered into evidence.

    IV.    Petitioner's due process right was violated by the Court's allowance on the second day of trial the endorsement of a prosecution evidence technician.

    V.    Petitioner was denied the due process of the law and a fair trial where

the prosecution and the police violated the terms of the discovery order and failed to disclose relevant evidence to the defense.

VI. Petitioner's due process right to a fair trial was violated as a result of (A) the prosecutor improperly appealing to the jurors' civic duty to convict; (B) the prosecutor unconstitutionally shifting the burden of proof by telling the jurors that the defense counsel failed to ask specific questions, and suggesting counsel failed to ask specific questions and suggesting counsel failed to prove his case; (C) the prosecutor's cumulative misconduct deprived Petitioner of his due process rights to a fair trial.

VII. If trial counsel waived appellate review of the prosecutor's misconduct, then trial counsel deprived Petitioner of his state and federal constitutional rights to effective assistance of counsel.

VIII. Petitioner was deprived of his fundamental right to testify in his own defense in violation of the Fourteenth Amendment Due Process Clause and trial counsel's advice was deficient and deprived Petitioner of effective assistance of counsel.

IX. Petitioner was deprived of his due process right to a fair trial where the trial court over defense counsel's objection admitted a 911 tape recording where no foundation had been laid for admitting the evidence.

Respondent argues in his motion to dismiss that Petitioner did not exhaust state remedies for his first, fourth, and ninth claims.

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (*per curiam*) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Duncan*, *supra*, at 365-366; *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

In determining whether a petitioner "fairly presented" a federal constitutional claim

> to the state courts, [federal habeas courts must] consider whether: 1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; 2) the petitioner relied upon federal cases employing the constitutional analysis in question; 3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or 4) the petitioner alleged "facts well within the mainstream of [the pertinent] constitutional law."

*Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

Petitioner concedes that he did not exhaust state remedies for all his claims. He raised his first claim only in the Michigan Supreme Court, and submission of a new claim for the first time to a state's highest court on discretionary review, without more, does not constitute "fair presentation" for purposes of the exhaustion doctrine. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Petitioner's fourth and ninth claims are state law issues. Although Petitioner referred to his right to due process and a fair trial in his state court brief, "[g]eneral allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated." *McMeans*, 228 F.3d at 681.

The Court concludes that Petitioner's first, fourth, and ninth claims are unexhausted. Ordinarily, a federal habeas court must dismiss a habeas petition containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, because Petitioner has urged the Court to dismiss any unexhausted claims and accept for filing his exhausted claims, Respondent's motion to dismiss the habeas petition is granted in part and denied in part. Petitioner's first, fourth, and ninth claims are dismissed voluntarily with prejudice. Respondent shall file an answer to Petitioner's second, third, fifth, sixth, seventh, and eighth claims within **thirty (30) days**

of the date of this order.

    **SO ORDERED**.


Dated:   September 10, 2007                          s/Paul V. Gadola
                                                              HONORABLE PAUL V. GADOLA
                                                              UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   September 10, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                      Janet Van Cleve                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:          Omar Warlick        .

                                                              s/Ruth A. Brissaud
                                                              Ruth A. Brissaud, Case Manager
                                                              (810) 341-7845